IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| KYRSTEN N. STANFORD | BANKRUPTCY NO. 25-11997 (PMM) |
| Debtor | |
| ROBERT W. SEITZER, in his capacity as the Chapter 7 Trustee for the Estate of KYRSTEN N. STANFORD | |
| Plaintiff | |
| v. | ADVERSARY NO. 25- |
| KELLER WILLIAMS PLATINUM REALTY | |
| Defendant | |

**COMPLAINT OF ROBERT W. SEITZER, CHAPTER 7
TRUSTEE, TO AVOID AND RECOVER POST-PETITION
TRANSFER PURSUANT TO 11 U.S.C. §§ 549 AND 550**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Kyrsten N. Stanford (the "Debtor"), by and through his counsel, Karalis PC, hereby brings this complaint (the "Complaint") against Keller Williams Platinum Realty (the "Defendant"), and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 549 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover a post-petition transfer made to the Defendant.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is an entity with a business address of 60 Commerce Drive, Wyomissing, PA 19610.

## STATEMENT OF FACTS

**A.  Procedural Background.**

7. On May 20, 2025 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

8. On May 21, 2025, the Trustee was appointed which appointment remains in effect.

**B.  The Real Property Previously Co-Owned by the Bankruptcy Estate.**

9. On the Petition Date, the Debtor's bankruptcy estate co-owned residential real property located at 17 Pine Woods Court, Reading, PA 19607 (the "Real Property").

10. Upon information and belief, the Real Property was co-owned by the Debtor and Christopher Richardson ("Mr. Richardson") as a joint tenancy with the right of survivorship.

2

**B.    The Post-Petition Sale of the Real Property and the Transfer.**

11.    On May 21, 2025, one day after the Petition Date, the Debtor and Mr. Richardson sold the Real Property.

12.    At closing on the Real Property on May 21, 2025, the Debtor paid the Defendant the sum of $9,300.000 (the "Transfer") on account of a pre-Petition Date obligation. The Settlement Statement reflecting the Transfer is attached hereto as Exhibit "A" and made a part hereof.

## COUNT I

### To Avoid Transfer Pursuant to 11 U.S.C. § 549

13.    The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 12 hereof as if fully set forth herein at length.

14.    The Transfer occurred on May 21, 2025 after the commencement of the bankruptcy case.

15.    The Transfer was a transfer of property of the bankruptcy estate.

16.    The Transfer was a transfer of estate property to the Defendant.

17.    The Transfer was not authorized by the Bankruptcy Court or by a provision of the Bankruptcy Code.

18.    For the foregoing reasons, the Plaintiff is entitled to avoid the Transfer described herein pursuant to § 549 of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff respectfully demands judgment in his favor and against the Defendant in accordance with 11 U.S.C. § 549 as follows:

(a)    Declaring that the Transfer be set aside and declared void;

(b)    Preserving the voided transfer for the benefit of the Debtor's estate under

11 U.S.C. § 551;

(c) Awarding the Plaintiff his costs and reasonable attorneys' fees;

(d) Awarding pre-judgment and post-judgment interest and

(e) Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### To Recover the Transfer Pursuant to 11 U.S.C. § 550

19. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 18 hereof as if fully set forth herein at length.

20. The Bankruptcy Code, at 11 U.S.C. § 550, empowers bankruptcy trustees to recover avoided transfers from initial transferees and subsequent transferees.

21. This section gives the Plaintiff the ability to recover avoided transfers or their value for the benefit of the estate, and provides, in pertinent part, as follows:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from —

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

*See*, 11 U.S.C. § 550(a).

22. The Defendant is the initial transferee of the Transfer within the meaning of § 550(a)(1) of the Bankruptcy Code.

23. Pursuant to § 550(a) of the Bankruptcy Code, the Plaintiff may recover, for the benefit of the Debtor's estate, the property transferred to the Defendant as described herein or the

4

value of such property.

**WHEREFORE**, the Plaintiff respectfully demands judgment in his favor and against the Defendant pursuant to 11 U.S.C. § 550(a) as follows:

    (a)    Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a)(1);

    (b)    Awarding the Plaintiff his costs and reasonable attorneys' fees;

    (c)    Awarding pre-judgment and post-judgment interest and

    (d)    Granting such other relief as this Honorable Court deems just and appropriate.

        **Respectfully submitted,**

        **KARALIS PC**

By:   /s/ Robert W. Seitzer
       ROBERT W. SEITZER
       1900 Spruce Street
       Philadelphia, PA 19103
       (215) 546-4500
       rseitzer@karalislaw.com

       *Attorneys for the Plaintiff/Trustee*

Dated: September 10, 2025

# EXHIBIT "A"

Case 25-00203-pmm    Doc 1    Filed 09/10/25    Entered 09/10/25 16:35:10    Desc Main
Document    Page 7 of 9

A. Settlement Statement  U.S. Department of Housing and Urban Development  OMB Approval No 2502-0265

### B. Type of Loan

| 1. ☐ FHA | 2. ☐ RHS | 3. ☐ Conv. Unins. | 6. File No. PLAT25-257 | 7. Loan No. CASH | 8. Mortgage Insurance Case No. |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☐ Conv Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: Leslie Siebert 632 Icedale Road Honey Brook, PA 19344 | E. Name & Address of Seller: Kyrsten N. Stanford and Christopher D. Richardson 17 Pine Woods Court Reading, PA 19607 | F. Name & Address of Lender: CASH |
|---|---|---|
| G. Property Location: 17 Pine Woods Court Reading, PA 19607 | H. Settlement Agent: Platinum Home Services, LLC  Place of Settlement: 60 Commerce Drive Wyomissing, PA 19610 | I. Settlement Date: 05/21/2025 Funding Date: 05/21/2025 Disbursement Date: 05/21/2025 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due from Borrower | | 400. Gross Amount Due to Seller | |
| 101. Contract sales price | $310,000.00 | 401. Contract sales price | $310,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $5,951.20 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustment for items paid by seller in advance | | Adjustment for items paid by seller in advance | |
| 106. City/Town Taxes 05/21/2025 to 12/31/2025 | $681.21 | 406. City/Town Taxes 05/21/2025 to 12/31/2025 | $681.21 |
| 107. County Taxes 05/21/2025 to 12/31/2025 | $694.93 | 407. County Taxes 05/21/2025 to 12/31/2025 | $694.93 |
| 108. Assessments 05/21/2025 to 06/30/2025 | $416.92 | 408. Assessments 05/21/2025 to 06/30/2025 | $416.92 |
| 109. HOA 05/21/2025 to 05/31/2025 | $66.00 | 409. HOA 05/21/2025 to 05/31/2025 | $66.00 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due from Borrower | $317,810.26 | 420. Gross Amount Due to Seller | $311,859.06 |
| 200. Amount Paid by or in Behalf of Borrower | | 500. Reductions in Amount Due to Seller | |
| 201. Deposit | $20,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | $23,749.22 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff to Freedom Mortgage | $180,031.52 |
| 205. | | 505. Payoff to Secretary of Housing and Urban Development | $6,454.00 |
| 206. | | 506. Bank of America Payoff | $6,900.00 |
| 207. | | 507. One-half of Gross proceeds is $47,248.57 | |
| 208. | | 508. Invoice to DEB Butler from Kyrsten Share | $25,554.84 |
| 209. | | 509. Krysten share of proceeds | $21,693.73 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes | | 511. County Taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. Sewer 01/01/2025 to 05/21/2025 | $227.17 | 514. Sewer 01/01/2025 to 05/21/2025 | $227.17 |
| 215. | | 515. | |
| 216. | | 516. Payment to Krysten | $7,500.00 |
| 217. | | 517. SweetBriar (estimate pending final) | $6,651.84 |
| 218. | | 518. Christopher Richardson share of proceeds | $33,096.74 |
| 219. | | 519. | |
| 220. Total Paid by/for Borrower | $20,227.17 | 520. Total Reduction Amount Due Seller | $311,859.06 |
| 300. Cash at Settlement from/to Borrower | | 600. Cash at Settlement to/from Seller | |
| 301. Gross amount due from borrower (line 120) | $317,810.26 | 601. Gross amount due to seller (line 420) | $311,859.06 |
| 302. Less amounts paid by/for borrower (line 220) | $20,227.17 | 602. Less reductions in amounts due seller (line 520) | $311,859.06 |
| 303. Cash ☒ From ☐ To Borrower | $297,583.09 | 603. Cash ☒ To ☐ From Seller | |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; • Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

The information requested does not lend itself to confidentiality.

## L. Settlement Charges

| | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| **700. Total Real Estate Broker Fees** | | |
| Division of commission (line 700) as follows: | | |
| 701. $9,300.00 to Keller Williams Platinum Realty | | |
| 702. $9,300.00 to Sunny Curb Appeal, LLC | | |
| 703. Commission paid at settlement | | $18,600.00 |
| 704. Earnest deposit retained: $9,300.00 | | |
| **800. Items Payable in Connection with Loan** | | |
| 801. Our origination charge | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | | |
| 803. Appraisal fee | | |
| 804. Credit report | | |
| 805. Tax service | | |
| 806. Flood certification | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| **900. Items Required by Lender to be Paid in Advance** | | |
| 901. Daily interest charges from 05/21/2025 to 06/01/2025 | | |
| 902. Mortgage insurance premium | | |
| 903. Homeowner's insurance | | |
| 904. | | |
| **1000. Reserves Deposited with Lender** | | |
| 1001. Initial deposit for your escrow account | | |
| 1002. Homeowner's insurance | | |
| 1003. Mortgage insurance | | |
| 1004. Property taxes | | |
| 1005. | | |
| 1006. | | |
| 1007. Aggregate Adjustment $0.00 | | |
| **1100. Title Charges** | | |
| 1101. Settlement or closing fee to Platinum Home Services, LLC | | |
| 1102. Owner's title insurance to Stewart Title Guaranty Company | $2,444.20 | |
| 1103. Lender's title insurance to Stewart Title Guaranty Company | | |
| 1104. Lender's title policy limit $ | | |
| 1105. Owner's title policy limit $310,000.00 | | |
| 1106. Edoc Fee to Edge Abstract Independence LLC | $70.00 | $30.00 |
| 1107. Notary Fee to Notary Public | $30.00 | $30.00 |
| 1108. Courier Fee to Platinum Home Services, LLC | | $22.50 |
| 1109. Deed Preparation Fee to Platinum Home Services, LLC | | $140.00 |
| 1110. Reimburse Prepaid Cert Fees to Platinum Home Services, LLC Recording Account | | $125.00 |
| **1200. Government Recording and Transfer Charges** | | |
| 1201. Recording fees: Deed $87.00 Mortgage $ Release $ to Berks County Recording Office | $87.00 | |
| 1202. City/County tax/stamps Deed $3,100.00 Mortgage $ to Berks County Recording Office | $1,550.00 | $1,550.00 |
| 1203. State tax/stamps Deed $3,100.00 Mortgage $ to Berks County Recording Office | $1,550.00 | $1,550.00 |
| 1204. Release Tracking & Recording to ReQuire to Platinum Home Services, LLC | | $70.00 |
| **1300. Additional Settlement Charges** | | |
| 1301. | | |
| 1302. | | |
| 1303. 2024/2025 School Tax (POC $3,901.98) | | |
| 1304. 2025 County/Twp (POC $2,207.36) | | |
| 1305. HOA Capital Contribution to Flying Hills Trust | | |
| 1306. Trust fee for May to Flying Hills Trust | | $220.00 |
| 1307. Resale Cert Reimbursement to Barry Sherman | | $100.00 |
| 1308. Sewer delinquent to Arcadia Recovery Bureau | | $536.12 |
| 1309. Broker Service/Transaction Fee to Keller Williams Platinum Realty | | $395.00 |
| 1310. Broker Service/Transaction Fee to Sunny Curb Appeal, LLC | | |
| 1311. Trust fee for June to Flying Hills Trust | $220.00 | |
| 1312. Trust delinquent fee to Flying Hills Trust | | $57.72 |
| 1313. Sewer due through 12/31/2024 to Township of Cumru | | $322.88 |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | $5,951.20 | $23,749.22 |

See signature addendum

_Leslie Siebert_ (signature) 5/21/25
Leslie Siebert / Date

_K. Stanford_ (signature) 5/21/25
Kyrsten N. Stanford / Date

_C.R._ (signature) 5/21/25
Christopher D. Richardson / Date

The HUD-1 settlement statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement

_(signature)_ 5/21/25
Settlement Agent / Date